# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-------------------------------------------------------------X

VICTOR KOTOV, *individually and on behalf of others similarly situated,*

                    **Plaintiff,**

     - against -

UNIVERSAL ELECTRIC MOTOR
SERVICE, INC., et al.,

                    **Defendants.**
-------------------------------------------------------------X

Civil Action No. 17-1438

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' FIRST SET OF
INTERROGATORIES**

TO:   Kinney Lisovicz Reilly & Wolff PC
       James P. Lisovicz, Esq.
       299 Cherry Hill Road, Suite 300
       P.O. Box 912
       Parsippany, New Jersey 07054
       *Attorney for Defendants Universal Electric Service, Inc. and Steven Adzima*

Pursuant to the Rules of Court, the Plaintiff, **VICTOR KOTOV**, of full age, hereby responds to Defendants' First Set of Interrogatories (hereinafter sometimes referred to as "Interrogatory") as follows:

## GENERAL RESPONSES AND OBJECTIONS

Each of the Plaintiff's responses, in addition to any specifically stated objections, is subject to and incorporates the following general responses and objections. The assertion of the same, similar, or additional objections, or a partial response to any individual request does not waive any of the plaintiff's general responses and objections.

1.    The following responses reflect the current state of the Plaintiff's knowledge, understanding and belief respecting matters about which inquiry has been made. The Plaintiff expressly reserves the right to supplement or modify these responses with such pertinent information as he may hereafter discover or as may be informed by the opinions of experts retained

by the parties to testify in the trial of this matter, and will do so to the extent required by the Federal Rules of Civil Procedure. The Plaintiff expressly reserves the right to rely on, at any time, including trial, subsequently discovered documents and/or materials that have been produced promptly upon discovery.

2.     The Plaintiff objects to any interrogatory that seeks information constituting or containing information concerning communications between the Plaintiff and his counsel, which are protected by the attorney-client privilege.

3.     The Plaintiff objects to any interrogatory that seeks information constituting or containing information prepared in anticipation of or as a result of litigation or which is otherwise protected by the work product doctrine or other available privilege or protection.

4.     The inadvertent provision of information or the production by the Plaintiff of documents pursuant to Fed. R. Civ. P. 33(d) containing information protected from discovery by the attorney-client privilege, work product doctrine or any other applicable privilege, shall not constitute a waiver of such privileges with respect to that information or those or any other documents. In the event that inadvertent production occurs, the Defendants shall return all inadvertently produced documents to the Plaintiff upon request, and/or shall make no use of the contents of such information or documents nor premise any further discovery on information learned therefrom.

5.     The Plaintiff objects to any interrogatory to the extent that it purports to impose upon him any obligation beyond those imposed by the Federal Rules of Civil Procedure, including, but not limited to, any interrogatory that exceeds the scope of Federal Rules of Civil Procedure 26(b) and 33.

6.     The Plaintiff objects to these interrogatories to the extent that they are over-broad, unduly burdensome, vague, ambiguous, confusing, require speculation to determine their meaning or use imprecise specifications of the information sought.

7.     The Plaintiff objects to any interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8.     The Plaintiff objects to any interrogatory as unduly and unnecessarily burdensome to the extent that it seeks information that is matter public record, already in the Defendants' possession, or otherwise readily available to the Defendants, and, therefore, may be accessed and obtained by the Defendants with less burden than the Plaintiff can identify and provide requested information.

9.     None of the objections or responses contained herein is an admission concerning the existence of any documents or materials, the relevance or admissibility of any documents, materials or information, or the truth or accuracy of any statement or characterization contained in Defendants' First Set of Interrogatories. The Plaintiff's written response is made without waiving, but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy, materiality or any other proper grounds, to the use of the information provided herein, in whole or in part, in any subsequent proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other discovery requests involving or relating to the subject matter of these requests; and (c) the right at any time to revise, correct, add or clarify any of the responses provided herein.

10.     Unless otherwise indicated, the Plaintiff will not provide information encompassed by his general objections or by his specific objections set forth below.

## RESPONSES

1.     Employees of Defendants, including Andrzej (last name unknown), Steve Stagg, and other employees better known to Defendants. In addition to those individuals listed above, there are

numerous former and current employees of the Defendants who may possess discoverable information, not named herein but potentially named in response to Plaintiff's Written Interrogatories or Document Production Requests, or identified during deposition(s),or through the discovery process herein, or otherwise, may also possess discoverable information. Plaintiff reserves the right to supplement, amend or modify this list as the investigation into the facts of this case and discovery in this matter progresses.

2.      None. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses.

3.      None selected at this time. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses and according to the rules.

4.      Unknown. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such information is obtained.

5.      Objection to the extent that the question calls for privileged attorney-client communication or work product. Over the objection, Plaintiff spoke with his supervisor Andrzej. Plaintiff does not recall the time, date and other information.

6.      Objections call for a legal conclusion. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses.

7.      Object to the extent that the interrogatory calls for production of confidential attorney work product, is vague and overbroad, and is a premature, and no determination has been made upon which documents Plaintiff will rely in trial. Over the objection, see attached. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

8.     Object to the extent that the interrogatory calls for production of confidential attorney work product, is vague and overbroad, and is not reasonably calculated to lead to admissible evidence. Over the objection, see attached demand letters. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

9.     Objection, overbroad and the documents referred to may not be in Plaintiff's custody, possession or control. Over the objections, the documents annexed hereto are various paystubs, Plaintiff's journal, and correspondences from Plaintiff's attorney to Defendants. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

10.     Objection, overbroad and not reasonably calculated to lead to admissible evidence. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

11.     Plaintiff objects to this discovery demand as being unduly burdensome. Moreover, under the burden shifting rules, Defendant must show that Plaintiff was paid in full. Over objection, see attached documents, including Plaintiff's journal listing the dates and hours of employment. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses.

12.     Plaintiff objects to this discovery demand as being unduly burdensome. Moreover, under the burden shifting rules, Defendant must show that Plaintiff was paid in full. Over objection-please see attached journal. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses.

13.     Plaintiff objects to this discovery demand as being vague and unduly burdensome. The inquiry as better posed to the Defendants. Over objection- please see attached client journal. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses.

14.     Plaintiff objects to this discovery demand as being vague and unduly burdensome. The inquiry as better posed to the Defendants. Over objection- please see attached client journal. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses.

15.     Plaintiff objects to this discovery demand as being vague and unduly burdensome. The inquiry as better posed to the Defendants. Moreover, the calculation has not yet been finalized given that discovery has not yet concluded. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses.

16.     Plaintiff objects to this discovery demand as being vague and overbroad, and unduly burdensome. Over the objection, unknown. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses.

17.     Plaintiff objects to this discovery demand as being vague, overbroad, and unduly burdensome. The inquiry is better posed to the Defendants. Over the objection, unknown except for "Andrzej" and "Steve Stagg".  Other information unknown. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses.

18.     Plaintiff objects to this discovery demand as being vague, overbroad and unduly burdensome.  The inquiry as better posed to the Defendants. Over the objection, Defendants

created a scheme whereby they systematically violated the law by not paying their employees all wages due. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses.

19.    Plaintiff objects to this discovery demand as being vague and unduly burdensome. The inquiry as better posed to the Defendants. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses.

20.    Plaintiff objects to this discovery demand as being overbroad and unduly burdensome. The inquiry as better posed to the Defendants. Over the objection, Steve Stagg and Steven Azima. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses.

21.    Plaintiff objects to this discovery demand as being vague, overbroad and unduly burdensome. The inquiry as better posed to the Defendants. Over the objection, Plaintiff complained to the management of Defendants that he was not being paid all wages due. Plaintiff does not recall the dates of such conversations. Moreover, written correspondence is annexed. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses.

22.    Plaintiff objects to this discovery demand as being vague and overbroad. Over the objection, Plaintiff maintained a journal while he worked. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses.

23.    Plaintiff objects to this discovery demand as being vague, overbroad, and unduly burdensome. Over the objection, the Defendants are hereby referred to the Complaint in this case and the complaint is hereby incorporated by reference. Plaintiff reserves the right to supplement,

amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses.

24.   Plaintiff objects to this discovery demand as being vague, overbroad and unduly burdensome. Moreover, despite the wording of the question, it calls for legal conclusion. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses.

25.   Plaintiff objects to this discovery demand as being vague, overbroad and unduly burdensome. Moreover, despite the wording of the question, it calls for legal conclusion. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses.

MARZEC LAW FIRM, PC

By:      /s/ Darius A. Marzec
Darius A. Marzec, Esq.

Dated: September 8, 2017
      Brooklyn, New York

# **CERTIFICATION**

I certify that the attached answers to this First Set of Interrogatories directed to me are true. I further certify that in responding to this First Set of Interrogatories, I have furnished all information available to me, and to my agents and attorneys.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: _September 8, 2017_

_____
VICTOR KOTOV

14.     Objection, overbroad and not reasonably calculated to lead to admissible evidence. Objection, may call for attorney work product.  The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff.  Annexed documents may be responsive to this query. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

15.     Objection, overbroad and not reasonably calculated to lead to admissible evidence. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff.  The annexed documents may also be responsive to this query.  Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

16.     Objection, overbroad and not reasonably calculated to lead to admissible evidence. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff.   The documents annexed hereto may also be responsive to this query.  Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

17.     Objection, overbroad and not reasonably calculated to lead to admissible evidence. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff.   The documents annexed hereto may also be responsive to this query.  Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

18.     Objection, overbroad and not reasonably calculated to lead to admissible evidence. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff.   Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

19.     Objection, overbroad and not reasonably calculated to lead to admissible evidence. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff.   Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

20.     Objection, overbroad and not reasonably calculated to lead to admissible evidence.

MARZEC LAW FIRM, PC

By:     _/s/ Darius A. Marzec_____
Darius A. Marzec, Esq.

Dated: September 8, 2017
Brooklyn, New York

I hereby certify that I have reviewed the document production request and that I have made or caused to be made a good faith search for documents responsive to the request. I further certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based on my personal knowledge and/or information provided by others. I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them. The following is a list of the identity and source of knowledge of those who provided information to me:

Dated: _September 8, 2017_

_____
VICTOR KOTOV