# EXHIBIT J

Darius A. Marzec, Esq. – 026492006
MARZEC LAW FIRM, P.C.
776A Manhattan Avenue
2nd Floor, Room 104
Brooklyn, New York 11222
(718) 609-0303
(718) 841-7508 (fax)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

----------------------------------------------------------------X

VICTOR KOTOV, *individually and on behalf of others similarly situated*,

                  Plaintiff,

- against -

UNIVERSAL ELECTRIC MOTOR
SERVICE, INC., et al.,

                  Defendants.

----------------------------------------------------------------X

Civil Action No. 17-1438

PLAINTIFF'S RESPONSE TO
DEFENDANTS' FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS

TO:   Kinney Lisovicz Reilly & Wolff PC
       James P. Lisovicz, Esq.
       299 Cherry Hill Road, Suite 300
       P.O. Box 912
       Parsippany, New Jersey 07054
       *Attorney for Defendants Universal Electric Service, Inc. and Steven Adzima*

Pursuant to the Rules of Court, the Plaintiff, **VICTOR KOTOV**, of full age, hereby responds to the Defendants' First Request for the Production of Documents (hereinafter sometimes referred to "Document Requests") as follows:

## GENERAL OBJECTIONS

Plaintiff makes the following General Objections to the Document Requests. The General Objections apply to all or so many of the Document Requests that, for convenience, they are set forth immediately below and not repeated after each document request to which an objection is

made. The assertion of the same, similar, or additional objections to the Document Requests does not waive any of Plaintiff's General Objections as forth below to each and every document request notwithstanding that Plaintiff has agreed to supply or has supplied information with respect to any particular document request.

1. Plaintiff objects to each Document Request to the extent that it is overly broad, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

2. Plaintiff objects to each Document Request to the extent that it is duplicative, unreasonably cumulative, unduly burdensome, oppressive, or unduly expensive to answer.

3. Plaintiff further objects to each Document Request to the extent that it seeks to impose upon Plaintiff an obligation to review documents that are in the possession of others.

4. Plaintiff reserves the right to challenge the competency, relevancy, materiality and applicability of the information set forth in his Responses in any subsequent proceeding or trial of this or any other action and object to the use of these documents in any subsequent proceeding or trial of this or any other action.

5. Plaintiff reserves the right to amend any of the responses set forth herein to these Document Requests.

6. Plaintiff objects to the Document Requests to the extent that they call for Plaintiff to reach legal conclusions.

7. Plaintiff objects to the Document Requests to the extent that the information requested is a matter of public record and/or is already in the possession of the Defendants, and the burden of obtaining the information would be substantially the same for Plaintiff as for Defendants.

8. Plaintiff objects to the Document Requests to the extent that they seek documents generated subsequent to the commencement of this litigation, on the grounds that such Document

Requests seek information either not relevant to the subject matter of the litigation, and/or not reasonably calculated to lead to the discovery of admissible evidence.

9. Plaintiff objects to the Document Requests to the extent that they would require the production of information or documents protected from discovery by any privilege, including the attorney-client privilege (including, but not limited to, documents prepared in anticipation of litigation or for trial, his attorney or other representatives, and documents or information which would disclose the mental impressions, conclusions, opinions or legal theories of attorneys or other representatives of Plaintiff concerning any matters at issue in this litigation) or any other applicable privilege, immunity or limitation on discovery. To the extent that any protected information is produced, such production is inadvertent and Plaintiff shall not be deemed to have waived any of his privileges with respect to that or any other information.

10. Plaintiff objects to the Document Requests to the extent that they seek irrelevant information and documents that are not material and necessary or are not reasonably calculated to lead to the discovery of admissible evidence.

11. Plaintiff objects to the Document Requests to the extent that they purport to seek documents that reflect personal, confidential, employment and/or financial information concerning individuals, entities, or others not involved in this action.

12. Plaintiff objects to the Document Requests to the extent that they call for speculation, are vague and ambiguous, are subject to several different interpretations, and are therefore, incapable of a meaningful response as stated.

13. Plaintiff objects to these Document Requests without prejudice to its right to rely at trial upon subsequently discovered information or information omitted inadvertently as a result of mistake, error or oversight.

14. Plaintiff objects to these Document Requests to the extent that they seek discovery of information that was not created by Plaintiff, is not Plaintiff's business record, is not in Plaintiff's possession, control or custody and/or seeks the same from entities other than Plaintiff.

15. Plaintiff's responses are made without waiving; (1) the right to object, on the grounds of competency, relevancy, materiality, hearsay or any other ground, to the admissibility or use of any such information for any purpose, in whole or in part, in any subsequent stage or proceeding in this action or any other action; or (2) the right to object on any and all grounds, at any time, to any other discovery procedure relating to the subject matter of these Requests.

16. These General Objections are applicable and incorporated in each of Plaintiff's responses, infra, as if specifically set forth at length therein. The stating of specific objections to a particular Discovery shall not be construed as a waiver of Plaintiff's General Objections nor does the restatement of a specific reference to a General Objection in the response to a particular Document Request waive other General Objections. Unless otherwise specifically stated, Plaintiff's objections to each Document Request apply to the entire Document Request, including each and every subparagraph of each Document Request. Plaintiff reserves the right to make specific and further objections to each Document Request.

## RESPONSE TO DOCUMENT DEMANDS

1. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

2. Object to the extent that the request calls for production of confidential attorney work product. Over the objection, see attached. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

3. Object to the extent that the request calls for production of confidential attorney work product, is vague and overbroad, and is premature, and no determination has been made upon which documents Plaintiff will rely in trial. Over the objection, see attached. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

4. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

5. Objection, overbroad and not reasonably calculated to lead to admissible evidence. Over the objection, the documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff. Attached please find the documents possessed by Plaintiff (paystubs). Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

6. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff. Enclosed please find various paystubs and a journal / calendar. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

7. Objection, overbroad and not reasonably calculated to lead to admissible evidence. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff. Over the objection, please find enclosed various paystubs and copy of a journal. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

8. Objection, overbroad and not reasonably calculated to lead to admissible evidence. The documents requested, to the extent they exist, are not in the custody, control or possession of

Plaintiff. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

9. Objection, overbroad and not reasonably calculated to lead to admissible evidence. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff. To the extent it the annexed documents are responsive, they are attached in response to this query. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

10. Objection, overbroad and not reasonably calculated to lead to admissible evidence. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

11. Objection, overbroad and not reasonably calculated to lead to admissible evidence. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

12. Objection, better posed to Defendants. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

13. Objection, overbroad and not reasonably calculated to lead to admissible evidence. Over the objection, the document requested, to the extent they exist, are not in the custody, control or possession of Plaintiff. Documents annexed hereto may also be responsive in part. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

14. Objection, overbroad and not reasonably calculated to lead to admissible evidence. Objection, may call for attorney work product. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff. Annexed documents may be responsive to this query. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

15. Objection, overbroad and not reasonably calculated to lead to admissible evidence. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff. The annexed documents may also be responsive to this query. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

16. Objection, overbroad and not reasonably calculated to lead to admissible evidence. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff. The documents annexed hereto may also be responsive to this query. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

17. Objection, overbroad and not reasonably calculated to lead to admissible evidence. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff. The documents annexed hereto may also be responsive to this query. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

18. Objection, overbroad and not reasonably calculated to lead to admissible evidence. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

19. Objection, overbroad and not reasonably calculated to lead to admissible evidence. The documents requested, to the extent they exist, are not in the custody, control or possession of Plaintiff. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained.

20. Objection, overbroad and not reasonably calculated to lead to admissible evidence.

                **MARZEC LAW FIRM, PC**

By:    */s/ Darius A. Marzec*
        Darius A. Marzec, Esq.

Dated: September 8, 2017
      Brooklyn, New York