# MARZEC LAW FIRM, P.C.

DARIUS A. MARZEC IS LICENSED TO PRACTICE LAW IN: NEW YORK
NEW JERSEY • CONNECTICUT • MASSACHUSETTS • PENNSYLVANIA
WASHINGTON, D.C. • ILLINOIS • FLORIDA • CALIFORNIA • HAWAII

**BROOKLYN OFFICE**
776A Manhattan Ave., Ste 104
Brooklyn, NY 11222
Phone: (718) 609-0303
Facsimile (718) 841-7508
dmarzec@marzeclaw.com

---

Via ECF
September 29, 2017

Hon. James B. Clark III
United States Magistrate Judge
1 Federal Square
Newark, NJ 07102

    RE    **Kotov vs. Universal Electric Motor Service, Inc., et al.**
           **Docket No.: 2:17-cv-01438-JMV-JBC**

Dear Honorable Judge:

As per your order, the Parties conferred on the issue of discovery deficiencies, and have narrowed the dispute to the following list for the court to resolve. We respectfully request to go over the prescribed page limit.

## PLAINTIFF'S CONTENTIONS
**Answers to interrogatories of Universal Electric Motor Service, Inc.:**

1. Interrogatory #3 requested Plaintiff to "State with particularity the method of record keeping for the hours worked by Plaintiff and other employees, during the Relevant Period. If those methods have changed, state with particularity the changes and the reason(s) for change." Answer: "The employee recorded his own hours worked. Nothing has changed." <u>This is clearly a deficient answer as the employer runs the payroll system.</u>

2. Interrogatory #5 asked: "During the Relevant Period, state with particularity the rate of pay of Plaintiff at all times relevant to this controversy and total amount of compensation received by Plaintiff during the course of his employment with Defendant, providing for each pay period, the (a) pay date, (b) the actual number of hours shown on the time cards/sheets, (c) if the time worked was rounded, the manner in which it was rounded, (d) the number of hours over forty for each week, (e) the actual number of hours worked, (f) the description of the work (e.g. private individual contract, corporation contract, public works, state contract, local contract), (g) the rate of pay for each type of work described in the preceding section, (h) the check number, and (i) a description of each document containing the foregoing information." Answer: "This information is set forth in the daily timesheets completed by Plaintiff, Universal's payroll record recap sheets, ADP payroll registers, and Universal payroll certifications for public works projects, all previously produced on June 26, 2017, as Universal 00001-00436." <u>The answer is deficient as the documents do not reflect all requested information, including, the description of the work.</u>

3. Interrogatory #8 requests: "Identify each exhibit you or your attorney intend to offer into evidence at the trial of this action." Answer: "Upon advice of counsel, objection is presented to this interrogatory as premature and improperly seeking information protected by the attorney-work product privilege." <u>Attorney/work product is an improper objection.</u>

4. Interrogatory #9 deals with an expert witness. Defendant objected under attorney-work product, but Defendant agrees to supplement this response.

5. Interrogatory #17 requested: "For the Relevant Period, state with specificity the location or locations to which employees were regularly required to report to work, and whether employees of Defendant worked simultaneously at more than one location or job site at one time." Answer: "Upon Advice of Counsel, objection is presented to this interrogatory on the bases of being vague and ambiguous, overly broad, seeking in part irrelevant information, and being unduly burdensome to answer. Without waiver of objection, no as to whether employees worked simultaneously at more than one location or job site at one time." <u>The response does not answer the interrogatory fully and raises an improper objection.</u>

6. Interrogatory #18 requested "For the relevant period, indentify any persons with knowledge of the hours worked by Defendant's employees, and the method by which the employees' hours were kept track of, and provide each such person's full name, last known address, the position held, the dates of employment and where available, the last known employer. <u>After conferring with Defendant, Defendant will answer the following subparts: Position held; whether current employees; and dates of employment.</u>

**Answers to interrogatories of Stephen Adzima:**

1. Interrogatory #3 inquired: "State with particularity the method of record keeping for the hours worked by Plaintiff and other employees, during the Relevant Period. If those methods have changed, state with particularity the changes and the reason(s) for the change". Answer: "Please see the response of Universal to this interrogatory." It is an inadequate answer to refer to other Defendant's answer.

2. The Individual Defendant has responded in this way to these interrogatories: #6, #7, #12, #15, #17, #18, #19. <u>All references to the corporate defendant's responses are improper.</u>

3. Defendant agrees to amend the response to #5 to state that he "has no personal knowledge".

4. Interrogatory #6 requested: "During the Relevant Period, identify the procedure used for monitoring and recording hours worked by Plaintiff and identify all personnel involved in these procedures and their specific responsibilities." <u>All references to the corporate defendant's responses are improper.</u>

5. Interrogatory #7 inquired: "State the names, address and telephone number of all individuals known by you and your attorney and/or your representatives to have knowledge of facts involved in this suit, designating for each summary of the knowledge of facts known or believed to be known by each, and the source of their knowledge and whether a recorded statement has been taken from such individuals and the person taking such recorded statement and the date of such statement." <u>All references to the corporate defendant's responses are improper.</u>

6. Interrogatory #8 requested: "Identify each exhibit you or your attorney intend to offer into evidence at the trial of this action." <u>The objection based on attorney-work product privilege is improper.</u>

7. Interrogatory #9 inquired: "State whether or not you or your counsel have or expect any witness to testify as an expert in this case, including legal witnesses or otherwise and if so, state the following with respect to each witness: The name, address, occupation and area of expertise of such expert. The substance of the facts to which each such expert is expected to testify. The opinions held by each such expert to which he or she will testify. The grounds of each such opinion to which each expert will testify." <u>The objection based on attorney-work product privilege is improper.</u>

8. Interrogatory #12 requested: Identify each and every government-financed public works project Defendant performed work during the relevant period. <u>All references to the corporate defendant's responses are improper.</u>

9. Interrogatory #15 asked: "State whether or not Defendant is in compliance with any and all immigration regulations and law with respect to Plaintiff and other employees." <u>All references to the corporate defendant's responses are improper.</u>

10. Interrogatory #17 asked: "For the Relevant Period, state with specificity the location or locations to which Defendant's employees were regularly required to report for work, and whether employees of Defendant worked simultaneously at more than one location or job site at one time." <u>All references to the corporate defendant's responses are improper.</u>

11. Interrogatory #18 asked: "For the Relevant Period, identify any persons with knowledge of the hours worked by Defendant's employees, and the method by which the employees' hours were kept track of, and provide each such person's full name, last known address, the position held, the dates of employment and, where available, the last known employer." <u>All references to the corporate defendant's responses are improper.</u>

12. Interrogatory #19 asked: "Identify any and all documents and business records substantiating or evidencing your response to these Interrogatories and attach any such documents and business records to your response." <u>All references to the corporate defendant's responses are improper.</u>

**Response to Demand for Production of Universal Electric Motor Service, Inc.:**

13. Request #2 sought "all documents regarding the hours of employment and compensation of all employees at Universal, including but not limited to timecards (punch cards), work schedules, payroll records and state and local tax records for the Relevant Period. <u>It was objected as Defendant maintains Plaintiff is not entitled to discovery concerning other employees.</u>

14. Defendant will amend its answer to request #3.

15. Defendant will amend its answer to request #8.

16. Request #10 requested all documents Defendant intends on introducing into evidence at the time of trial. <u>Objection "premature and improperly seeking information protected by the attorney-work product privilege" is improper.</u>

17. Request #11 seeks "all documents upon which Defendant shall rely upon in challenging Plaintiff's complaint in the course of discovery, including, but not limited to those documents that will be used in deposing Plaintiff. <u>Objection "premature and improperly seeking information protected by the attorney-work product privilege" is improper.</u>

18. Request #13 asked for "all documents that reflect or relate to any admissions or statements made at any time by any party to this action (including any agents, employees, attorneys, representatives, servants, and all other persons acting on their behalf) relating to the allegations to this action." "Objection, overly broad and calling for legal conclusions. Without waiving the objection, this party refers to any declaration against interest contained in any documents produced herewith that may be responsive to the request" <u>is insufficient as it does not identify such admissions or statements.</u>

19. Request #14 is same as #13 except it asks for "declarations against interest".

20. Request #18 asks for "All emails between Defendant's employees relating to the allegations in this Action for the Relevant Period". Defendant's response of "[o]bjection. Overly broad, unduly burdensome, not drafted with reference to a fact or issue in the case, and seeking information not in the care, custody, and control of this party" <u>is an improper object as obviously Defendant has control over employee emails on its server.</u>

21. Request #20 asks similarly to #18, for emails between Plaintiff and Defendant's employees concerning action allegations. Same objection and response.

22. Request #27 asked for "All documents and electronically stored information that reflect or relate in any way to Defendant's policies, including, but not limited to: handbooks, personnel policies, and human resources and procedures for the Relevant Period." Defendant's response of "Objection. Irrelevant, overly broad, unduly burdensome, and not drafted with reference to a fact or issue in the case" <u>is clearly improper given the complaint allegations.</u>

23. Request #28 asked for "All documents and electronically stored information that reflect or relate in any way to communication between Defendant and any local, state, and federal government entities, bodies, agencies or commission relating to Plaintiff's employment with

Defendant during the Relevant Period." Response of "Objection. Irrelevant, overly broad, unduly burdensome, and not drafted with reference to a fact or issue in the case" is insufficient.

24. Request #30 asked for "Copies of all notices and posters displayed at the job site where Plaintiff was employed by Defendant that relate to the allegations in this Action, particularly copies of any minimum wage posters as required by the FLSA." A response of "Objection. Overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." is clearly insufficient.

25. Requests #36 is hereby rephrased to state: All documents and electronically stored information that reflect or relate to any investigation of Defendant's business practices during the Relevant Period limited to issues of wages paid or unpaid." Defendant will answer the rephrased request.

26. Request #37 asks for: "All documents and electronically stored information that reflect or relate to any off-site projects that Plaintiff worked on during his employment with Defendant during the Relevant Period.: Defendant's response of "Objection. Overly broad, unduly burdensome, and vague and ambiguous" is improper.

27. Request #40 asked for "All documents and electronically stored information that reflect or relate to any Public Works, State, County and Local contracts that Defendant was engaged in or party to during the Relevant Period. The response of "Objection. Irrelevant, overly broad, and unduly burdensome" is improper given the claims of the complaint.

28. Request #42 asks: "For the Relevant Period, any emails, including, but not limited to emails containing information concerning hours worked and/or payroll matters, exchanged between Defendant (including its agents, employees, employers and servants) and all employees not Plaintiff to this action." Response of " Objection, irrelevant, overly broad, unduly burdensome, not drafted with reference to facts or issues in the case, and seeking information not reasonably calculated to lead to discovery of admissible evidence" is improper.

29. Request #43 asks for "For the Relevant Period, any emails between the Defendant concerning Defendant's projects and jobs, employees, payment or non-payment of wages, the instant action and/or prior letter demand for payment of wages by Plaintiff, adherence to wage law and/or regulations, and/or containing any discussions, admission, and/or notice concerning this action, including any pleadings and prior demands." A response of "Objection. Ambiguous and irrelevant" is improper.

30. Request #46 asks: "For the period of six years prior to the filing of the complaint in this Action to the present, all personnel files of each employee of the Defendant, including without limitation employment applications, time cards or logs, work schedules, performance or salary reviews, vacation schedules, discipline reports, and similar documents used to record employees' hours and schedule their work shifts." A response of "Objection. Irrelevant, overly broad and unduly burdensome" is improper.

31. Request #47 asks: For the period of six years prior to the filing of the complaint in this Action to the present, any weekly work schedules and/or calendars for the Defendant's employees. A response of "Objection. Irrelevant, overly broad and unduly burdensome" is improper.

32. Request #51 asks: "For the Relevant Period, any notices that the Defendant or its employees posted at any location where Plaintiff and/or Defendant's employees worked, that relate to the allegations in this Action, that are required pursuant to the FLSA and New Jersey Labor Laws." An objection of "Objection. Irrelevant, overly broad, unduly burdensome, and calling for a legal conclusion" is improper.

33. Request # 52 seeks "For the period of six years prior to the filing of the complaint in this Action to the present, each and every written complaint by any employee of Defendant to any employee, manager, owner, supervisor and the like of Defendant regarding not being paid for each hour worked." "Objection. Irrelevant and overly broad" is an improper objection.

5

    34.    Request # 59 asks for: Any and all statements prepared by Defendant, its employees and/or their attorneys for any witness to sign." <u>Defendant's attorney-work product and attorney-client privileges do not necessarily apply.</u>

    35.    Request #61 asks for "Any and all unsigned statements prepared by Defendants, its employees, and/or its attorneys for any witness to sign." Again, the two privileges do not necessarily apply.

Defendants' contentions are attached herein.

Sincerely,

/s/ *Darius A. Marzec*

Darius A. Marzec

**DEFENDANTS' CONTENTIONS**

The defendants served 25 interrogatories on plaintiff. In response, plaintiffs' counsel has improperly objected to many that seek the most basic of information.

Interrogatory 26: State completely and in detail the basis for all allegations you make that Universal Electric is liable for the damages complained of in this action, and set forth all facts (not legal conclusions) in support thereof. Answer: "Objection, calls for a legal conclusion. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses." The objection is baseless, and the defendants are entitled to know now the factual basis of plaintiff's claims.

Interrogatory 10: Identify and set forth in detail any agreement, whether oral or in writing, between any party to this action, or between a party to this action and any other person, which relates to the subject matter of this lawsuit. Answer: "Objection, overbroad and not reasonably calculated to lead to admissible evidence. The documents requested, to the extent they exist, are not in the custody, control or possession of plaintiff. Plaintiff reserves the right to supplement this response in accordance with the Rules of the Court when, and if, such documents are obtained." The objections are baseless, and the defendants are entitled to know now whether plaintiff contends a written or oral agreement exists.

Interrogatory 11: For each instance on which plaintiff worked less than forty (40) hours in a week and was not paid for all the hours worked as alleged in the Complaint, identify the date when the hours were worked, the number of hours worked, and the number of hours not paid by Universal Electric. Answer: "Plaintiff objects to this discovery demand as being unduly burdensome. Moreover, under the burden shifting rules, defendant must show that plaintiff was paid in full. Over objection, see attached documents, including Plaintiff's journal listing the dates and hours of employment. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses." The objection is baseless, and the defendants are entitled to know now when plaintiff was allegedly underpaid. Plaintiff's journal does not answer the question.

Interrogatory 12: For each instance on which plaintiff worked in excess of forty (40) hours in a week and was not paid overtime as alleged in the Complaint, identify the date when the hours were worked, the number of overtime hours worked, and the number of overtime hours not paid by Universal Electric. Answer: "Plaintiff objects to this discovery demand as being unduly burdensome. Moreover, under the burden shifting rules, defendant must show that plaintiff was paid in full. Over objection - see attached documents, including Plaintiff's journal listing the dates and hours of employments. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses." Once again the objection is baseless, and the defendants are entitled to know when plaintiff was allegedly not compensated for overtime. Plaintiff's journal does not answer the question.

Interrogatory 13: Identify each date plaintiff worked on the actual site of a "public work project," the name of the "public work project," and the hours worked on the "public work project," as alleged in the Complaint. Answer: "Plaintiff objects to this discovery demand as being vague and unduly burdensome. The inquiry as (sic) better posed to the Defendants. Over objection – please see attached client journal. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses." The objections are baseless, and the defendants are entitled to know now when plaintiff was allegedly not compensated properly for working on a public work project. Plaintiff's journal does not answer the question.

Interrogatory 14: Identify each date plaintiff was not paid "prevailing wages" for the work he performed on the actual site of the "public works project" and the hours worked relating to these "prevailing wages," as alleged in the Complaint. Answer: "Plaintiff objects to this discovery demand as being vague and unduly burdensome. The inquiry as (sic) better posed to the Defendants. Over objection – please see attached client journal. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses. " The objections are baseless, and the defendants are entitled to know now when plaintiff was allegedly performing work at a public works project site. Plaintiff's journal does not answer the question.

Interrogatory 15: State the total amount Plaintiff is owed in unpaid wages, unpaid overtime wages, and unpaid prevailing wages and provide a detailed explanation as to how the amount was calculated. Answer: "Plaintiff objects to this discovery demand as being vague and unduly burdensome. The inquiry as (sic) better posed to the Defendants. Moreover, the calculation has not yet been finalized given that discovery has not yet concluded." The objections are baseless, and the Defendants are entitled to know now the amount Plaintiff was allegedly undercompensated. Plaintiff's journal does not answer the question.

Interrogatory 18: Identify any internal written policies or regulations of Universal Electric relating to their practices, as alleged in the Complaint. Answer: "Plaintiff objects to this discovery demand as being vague, overbroad and unduly burdensome. The inquiry as (sic) better posed to the Defendants. Over the objection, Defendants created a scheme whereby they systematically violated the law by not paying their employees all wages due. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses. The objections are baseless and the Defendants are entitled to know now the policies and regulations referred to in the Complaint.

Interrogatory 23: State the factual basis for your claim that Universal Electric made fraudulent representations of fact that Plaintiff and others similarly situated as alleged in the Complaint. Answer: "Plaintiff objects to this discovery demand as being vague, over broad, and unduly burdensome. Over the objection, the Defendants are hereby referred to the Complaint in this case and the complaint is hereby incorporated by reference. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses." The objections are baseless, and the Defendants are entitled to know now the factual basis for the fraud allegations in the Complaint.

Interrogatory 24: State the factual basis for your claim that Universal Electric violated either the Fair Labor Standards Act and the New Jersey Wage and Hour Act, or both acts. Answer: " Plaintiff objects to this discovery demand as being vague, overbroad and unduly burdensome. Moreover, despite the wording of the question, it calls for legal conclusion. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses." The objections are baseless, and the Defendants are entitled to know now the factual basis for alleged violations under the acts.

Interrogatory 25: State the nature and amount of the assets of the company that were allegedly comingled by Stephen Adzima. Answer: "Plaintiff objects to this discovery demand as being vague, overbroad and unduly burdensome. Moreover, despite the wording of the question, it calls for legal conclusion. Plaintiff reserves the right to supplement, amend or modify this discovery response as the investigation into the facts of this case and discovery in this matter progresses." The objections are baseless, and the Defendants are entitled to know now the information requested or are entitled to a statement that Plaintiff does not know.

Defendants also served on Plaintiff a twelve item Demand for Admissions. The specific requests are attached hereto. Plaintiff's counsel's response was simple. He stated "Plaintiff denies #1-12". The Defendants have requested the basis for each denial. Plaintiff's counsel has refused to provide it. Defendants are entitled to this discovery. For example, as to item #1, Plaintiff denied even working as an inside mechanic for Universal Electric.

Finally, the Defendants served on Plaintiff a twenty item request for production of documents. It also is attached hereto. Once again, Plaintiff's counsel objected to the most basic of inquiries.

Item #1 requested all correspondence between the parties. Plaintiff replied by stating that to the extent it exists, it is not within the possession of plaintiff. The response is insufficient and deliberately vague. If Plaintiff contends there was none or he has none, he should so state.

Item #4 requests statements from witnesses. Plaintiff again answers that to the extent they exist they are not in the possession of Plaintiff. The answer is insufficient and deliberately vague. If Plaintiff is unaware of any statements, he should state.

Item #8 requests documents relating to Plaintiff's employment by Universal Electric. Plaintiff objects to the request and again states that to the extent they exist, they are not within his possession. The request is not objectionable and the Defendants are entitled to a clear response.

Items 10, 11, 12, 13, 14, 15, 16, and 17, were all also objected to by Plaintiff's counsel, but he is now considering supplementing those responses.

Item #18 asks for documents that Plaintiff submitted to federal state agencies related to the allegations made in the Complaint. Plaintiff once again objected to the request and stated to

the extent they exist, they are not within his possession. The request is not objectionable, and the Defendants are entitled to an unequivocal response.

Item #19 requests documents relating to any unemployment compensation claims. Plaintiff gave the same response as to the preceding item. Once again the request is not objectionable, and the Defendants are entitled to an unequivocal response.

In conclusion, in terms of discovery sought by Plaintiff from Defendants, Defendants submit that on June 26, 2017, they demonstrated in detail in a fourteen page letter with 436 supporting documents and three exhibits that Plaintiff was completely and properly compensated for all hours worked. To date, in his discovery responses and pleadings Plaintiff has not presented even one instance where he was not properly paid in full.

The Court's attention to this matter is sincerely appreciated.

## FIRST SET OF ADMISSIONS

1. Plaintiff worked as an inside mechanic for Universal Electric.

   Admitted (   )    Denied (   )

2. An inside mechanic is not eligible for the prevailing wage rate unless the service is performed on the public work's job site.

   Admitted (   )    Denied (   )

3. In the instances when Plaintiff worked on the public work's job site, Plaintiff was paid the prevailing wage rate.

   Admitted (   )    Denied (   )

4. The number of other inside mechanics working at Universal Electric is less than 25.

   Admitted (   )    Denied (   )

5. Plaintiff is aware of no other person who was not fully compensated for the hours worked.

   Admitted (   )    Denied (   )

6. Plaintiff's daily handwritten daily time sheets that Universal Electric produced on June 26, 2017, Bates-stamped UNIVERSAL 00001-97, 426, 428, 430, 432, 434, and 436, are complete and accurate.

   Admitted (   )    Denied (   )

7. Universal Electric's recap sheets that were produced on June 26, 2017, Bates-stamped UNIVERSAL 00098-261, are complete and accurate.

   Admitted (   )    Denied (   )

8. Universal Electric's ADP records that were produced on June 26, 2017, Bates-stamped UNIVERSAL 00262-424, are complete and accurate.

   Admitted (   )    Denied (   )

9. Universal Electric's payroll certifications for public works projects that were produced on June 26, 2017, Bates-Stamped UNIVERSAL 00425, 427, 429, 431, 433, and 435, are complete and accurate.

Admitted (   )          Denied (   )

10. Plaintiff was reprimanded on separate occasions for drinking on the job.

Admitted (   )          Denied (   )

11. Plaintiff's application for unemployment benefits was denied by the State of New Jersey because he was fired for cause.

Admitted (   )          Denied (   )

12. No other employee of Universal Electric has made complaints similar to the claims in plaintiff's Complaint.

Admitted (   )          Denied (   )

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1.     All correspondence between you and any party to this lawsuit regardless of the subject matter.

2.     All documents relied upon by you in answering any interrogatories propounded on you in this lawsuit.

3.     All documents that you will rely upon at the time of trial for any purpose.

4.     Any and all statements concerning this action from all witnesses, including any statements from the parties herein or their respective agents, servants or employees.

5.     All records, including but not limited to pay stubs, indicating or showing wages or other forms of compensation paid to Plaintiff by Universal Electric.

6.     All records indicating or showing the hours Plaintiff worked while employed at Universal Electric.

7.     All logs, journals, diaries or other documents maintained by Plaintiff at any time during the course of his employment by Universal Electric.

8.     All documents relating to Plaintiff's employment by Universal Electric including, but not limited to, documents related to the terms and conditions of that employment.

9.     Any documents relating to Plaintiff's job description, duties and work responsibilities at Universal Electric.

10.    All documents relating to Plaintiff's job performance at Universal Electric including but not limited to performance evaluations and disciplinary documents.

11.    Any documents relating to Universal's policies including but not limited to handbooks, employee manuals, memos, and correspondence that you and/or other "similarly situated" employees received.

12.    Any documents showing or indicating that other employees of Universal Electric are "similarly situated" to Plaintiff as alleged in the Complaint.

13.    All documents that relate to Plaintiff's work on public work projects as alleged in the Complaint.

14.    All documents relied upon by Plaintiff, or of which he has knowledge, in support of the claim that Plaintiff was unlawfully denied overtime compensation in violation of the Fair Labor Standards Act and New Jersey State Wage and Hour Law.

15. All documents relied upon by Plaintiff, or of which he has knowledge, in support of the claim that Plaintiff was unlawfully denied prevailing wages in violation of the Prevailing Wage Act.

16. All documents that support Plaintiff's claim that Universal Electric made "fraudulent representations of fact to Plaintiff and all others similarly situated" as alleged in the Complaint.

17. All documents relied upon by the Plaintiff, or of which he has knowledge, that support the prayer for relief contained in the Complaint.

18. Any and all documents which Plaintiff submitted to the federal or state Department of Labor, if any, related to the allegations made in the Complaint.

19. All documents of any claims made and payments received, if any, by Plaintiff for unemployment compensation in any state since leaving Universal Electric's employ.

20. All documents that you contend are relevant to this lawsuit that were not produced in response to any request above.