# Marzec Law Firm, P.C.

**Darius A. Marzec Is Licensed To Practice Law In: New York**
**New Jersey • Connecticut • Massachusetts • Pennsylvania**
**Washington, D.C. • Illinois • Florida • California • Hawaii**

**BROOKLYN OFFICE**
776A Manhattan Ave., Ste 104
Brooklyn, NY 11222
Phone: (718) 609-0303
Facsimile (718) 841-7508
dmarzec@marzeclaw.com

---

**Via ECF**

February 1, 2018

Hon. James B. Clark III, United States Magistrate Judge
1 Federal Square
Newark, NJ 07102

**RE**   Kotov vs. Universal, et al.,
    Docket No.: 2:17-cv-01438-JMV-JBC

Dear Honorable Judge Clark:

As per your letter order of 1/17/18, we submit this joint letter setting forth the issues in dispute.

*Defendants' Contentions*

On November 28, 2017, the court held an extended telephone conference regarding the discovery disputes in this matter. After hearing the arguments of counsel regarding each issue raised by both plaintiff and defendant, Your Honor ordered the plaintiff to provide answers to thirteen (13) interrogatories. Unfortunately, the plaintiff has still not answered four of those interrogatories.

Specifically, interrogatory number 11, requires the plaintiff to identify the date when his hours were worked, the number of hours worked, and the number of hours not paid by Universal Electric. The plaintiff's response is a spreadsheet, which shows the number of hours claimed to have been worked by the plaintiff on a daily basis. Plaintiff has not provided the number of hours he claims he was not paid by Universal Electric.

Interrogatory number 12, requires the plaintiff to identify the date when overtime hours were worked, the number of overtime hours worked, and the number of overtime hours not paid by Universal Electric. This has not been done.

Interrogatory number 13, requires the plaintiff to provide each date the plaintiff worked on an actual site of a public work project, the name of the public work project, and the hours worked on the public work project. Although the plaintiff has provided the alleged prevailing wage hours the plaintiff worked, he has not identified the name of the public work project or the actual site.

Interrogatory number 14, requires the plaintiff to identify each date the plaintiff was not paid prevailing wages. The plaintiff has not done that.

Defendant's counsel has conferred with plaintiff's counsel requesting that he comply with Your Honor's order. Plaintiff's counsel's position is that the information not provided can be "derived from plaintiff's journal." Plaintiff's journal is handwritten, and only partially legible. It does not

provide locations of public work projects, nor does it indicate the amount of money the plaintiff was paid or not paid.

Plaintiff has brought this action, and claims that he was not paid for hours worked, overtime, and prevailing wage, even though the ADP records produced by him in discovery contradict those claims. The defendants submit they should not be forced to guess or speculate as to the plaintiff's journal entries, many of which are illegible. The plaintiff has brought this claim, and plaintiff has the obligation to comply with Your Honor's discovery order, and should answer each and every interrogatory. If plaintiff's counsel or the plaintiff can derive the necessary information from the journal, all they need do is provide it. Only plaintiff's counsel can confer with the plaintiff regarding the entries in the journal. The defendant cannot. Accordingly, defendants ask that the plaintiff comply with Your Honor's November 28, 2017 order.

*Plaintiff's Contentions*

Plaintiff's counsel contends that the interrogatories specified by the Defendant have now been fully answered, as follows:

For Interrogatory number 11, Plaintiff previously provided a spreadsheet which added all hours worked per week and categorized these hours as regular hours, prevailing hours, and overtime hours at both prevailing overtime and standard overtime rates. The spreadsheet provides extremely detailed listing for the wages to which Plaintiff was entitled each week and what he was actually paid. The number of hours where Plaintiff was not paid is therefore self-explanatory. Following the January 17, 2018 telephone conference, Plaintiff's counsel provided a new spreadsheet containing a day-by-day breakdown, showing the number of hours worked every single day, including number of hours worked on prevailing wage hours, if any. This satisfies Defendants' request for a daily listing.

For interrogatory number 12, Plaintiff has provided a listing of the total number of hours worked each day and each week. Overtime hours are any hours worked after the fortieth hour worked in any week. This information is self-explanatory and has been provided by way of the daily breakdown and the originally-provided spreadsheet. A request for overtime hours for each day is nonsensical as overtime hours are calculated on a weekly basis.

For interrogatory number 13, Plaintiff has provided a list of all work sites worked on, by way of his journals. Plaintiff's counsel respectfully disagrees that the journals are illegible, as they are the basis of the hours breakdown given to Defendants' counsel. The information on the journals is all of the information that Plaintiff possesses as to where he worked and when.

For interrogatory number 14, Plaintiff was paid on a weekly basis and plaintiff has provided a full listing of the number of hours actually worked on prevailing wage jobs and the actual number of hours for which he was paid prevailing wages.

For these reasons, Plaintiff contends that interrogatories have been fully answered and any further demands of the Plaintiff regarding these interrogatories are solely intended to harass, annoy,

and delay the resolution of this action.

Sincerely,

*/s/ Darius A. Marzec*

Darius A. Marzec
Attorney For the Plaintiff
Viktor Kotov

*/s/ James P. Lisovicz*

James P. Lisovicz
Attorney for the Defendants
Universal Electric Motor Service, Inc. and Steven Adzima