**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(973) 776-7700

CHAMBERS OF
**JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**

U.S. COURTHOUSE
2 FEDERAL SQUARE, ROOM 369
NEWARK, NJ 07101

May 14, 2018

**LETTER ORDER**

Re:   **Kotov v. Universal Electric Motor Service, Inc., et al.**
      **Civil Action No. 17-1438 (JMV)**

Dear Counsel:

Presently pending before the Court is a motion by Plaintiff Viktor Kotov ("Plaintiff") for leave to file an Amended Complaint naming six additional defendants [Dkt. No. 27]. Defendants Universal Electric Motor Service, Inc. ("Universal Electric") and Steven Adzima (collectively "Defendants") oppose Plaintiff's motion [Dkt. No. 29]. For the reasons set forth below, Plaintiff's motion to amend [Dkt. No. 27] is **GRANTED**.

Plaintiff brings this proposed collective action pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, on behalf of a subset of current and former employees of Defendant Universal Electric. Plaintiff alleges that Universal Electric failed to pay its mechanic employees the overtime compensation to which they are entitled in violation of FLSA. Plaintiff filed a motion for class certification [Dkt. No. 10] which was administratively terminated pending the outcome of the present motion to amend [Dkt. No. 43].

Plaintiff seeks leave to file an Amended Complaint naming Joanna Molta, Doreen Varga, Kristen Young, Steven Stagg, John Pinkus and Cesar Campos as defendants in this action. Plaintiff claims to have

been alerted to the possible involvement of these individuals in the conduct identified in the Complaint through Defendants' responses to Plaintiff's Interrogatories. According to Plaintiff's proposed Amended Complaint, the additional defendants are employed by Universal Electric in various capacities. Molta, Varga and Young are involved in Universal Electric's "payroll and payroll record keeping . . . " and Stagg, Pinkus and Campos are "responsible for supervising Plaintiff and others similarly situated and hiring and firing employees . . . ." Dkt. No. 27-3 at ¶¶ 14-24. Plaintiff argues that because these individuals have been identified by Universal Electric as employees responsible for payroll and/or setting work hours and hiring and firing employees, "they are indispensable parties to this action . . . ." Dkt. No. 27-8 at 1. Defendants' opposition to Plaintiff's motion to amend is largely based upon Defendants' contention that Plaintiff has failed to state a claim both in his initial Complaint and in his proposed Amended Complaint and is focused primarily on Defendants' perceived deficiencies in Plaintiff's FLSA claims rather than any specific issue with the proposed additional defendants.

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.,* 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, Courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15." *Endo Pharma v. Mylan Techs Inc.*, 2013 U.S. Dist. LEXIS 32931, at *4 (D. Del. Mar. 11, 2013). The Court should only deny

leave when these factors "suggest that amendment would be 'unjust'. . . ." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

Defendants do not reference any of the factors considered under Rule 15 and instead assert that Plaintiff's motion should be denied because Plaintiff "has yet to demonstrate a record basis of this suit." Dkt. No. 29 at p. 11. While it is clear that Defendants do not believe Plaintiff's claims have any basis, Defendants did not move to dismiss in response to Plaintiff's initial Complaint and Defendants' present contentions regarding the merits of Plaintiff's FLSA allegations do not provide grounds upon which to deny Plaintiff leave to amend. In the absence of any contention by Defendants that Plaintiff has acted with undue delay, in bad faith, or caused prejudice to Defendants, or that the proposed amendment in futile, Plaintiff's motion to amend [Dkt. No. 27] is **GRANTED**.

**IT IS SO ORDERED.**

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**