299 Cherry Hill Road, Suite 300
PO Box 912
Parsippany, NJ 07054
Phone: 973-957-2550
Fax: 973-710-1054



Kinney Lisovicz Reilly & Wolff PC
ATTORNEYS AT LAW
www.klrw.law

11 Broadway, Suite 615
New York, NY 10004
Phone: 646-741-7332
Fax: 646-690-8772

James P. Lisovicz, Esq.
jim.lisovicz@klrw.law
Direct Dial: 973-957-2560

September 20, 2018

**BY ELECTRONIC FILING**

The Honorable James B. Clark, III, U.S.M.J.
United States District Court, District of New Jersey
U.S. Post Office & Court House Building
1 Federal Square
Newark, New Jersey 07102

Re:   *Kotov v. Universal Electric Motor Service, Inc., et al.*
      Civil Action No. 2:17-cv-1438 (JMV-JMC)
      Our File No. U0974-00003

Dear Judge Clark:

This office represents defendants, Universal Electric Motor Service, Inc., Stephen Adzima, Joanna Molta, Doreen Varga, Kirsten Young, Steven Stagg, John Pinkus, and Cesar Campos. We write in connection with the telephone conference scheduled for September 24, 2018, at 9:30 a.m. During the conference, defendants will seek leave to file a motion to dismiss plaintiff's complaint for failure to comply with the Court's Orders of November 28, 2017 [Dkt. No. 35], and May 3, 2018 [Dkt. No. 43], requiring plaintiff to identify by date the hours that he worked regular time and those hours for which he claimed he was not paid overtime.

As background, on November 28, 2017, the Court issued a letter order [Dkt. No. 35] requiring plaintiff to provide answers to defendants' Interrogatory No. 11, which required plaintiff to identify each date on which he worked regular hours, the number of regular hours worked for each date, and the number of regular hours not paid by Universal Electric for each such date. The Court also ordered plaintiff to answer defendants' Interrogatory No. 12, which

173398



The Honorable James B. Clark, III, U.S.M.J.
United States District Court, District of New Jersey
September 20, 2018
Page 2

requires plaintiff to identify each date when plaintiff worked overtime, the number of overtime hours worked for each date, and the number of hours of overtime not paid by Universal Electric for each such date.

That Order further instructed plaintiff to answer defendants' Interrogatory No. 13, which required plaintiff to identify each on which plaintiff worked on an actual site of a public works project, the name of each public works project, and the hours worked on each such public works project, and any unpaid hours. Finally, the Order required plaintiff to answer defendants' Interrogatory No. 14, which required plaintiff to identify each date on which he was not paid prevailing wages and the number of unpaid prevailing wage hour for each date.

On February 1, 2018, the parties submitted a joint discovery letter to the Court [Dkt. No. 40]. Defendants requested, in part, that plaintiff respond to defendants' Interrogatory No. 11 requiring plaintiff to identify the dates on which he worked, the number of hours worked, and the number of hours not paid by Universal Electric. Defendants also required plaintiff to respond to Interrogatory No. 12 by identifying the date on which plaintiff worked overtime hours, the number of overtime hours worked, and the number of overtime hours that were not paid by Universal Electric. Defendants made similar demands regarding the dates that plaintiff worked on a public works project, the hours that plaintiff worked on a public works project for each such date, and the hours for each such date for which he was not paid public works project wages. Likewise, in Interrogatory No. 14, defendants required plaintiff to identify the dates on which plaintiff was not paid prevailing wages.



The Honorable James B. Clark, III, U.S.M.J.
United States District Court, District of New Jersey
September 20, 2018
Page 3

On May 3, 2018, the Court entered a letter order [Dkt. No. 43] requiring plaintiff to answer the disputed interrogatories identified in the February 1, 2018, joint letter to the Court.

On May 31, 2018, plaintiff served supplemental responses to Interrogatories Nos. 11 through 14. Plaintiff did provide a breakdown of the dates on which he allegedly worked on a public works project site and the hours worked on each such site in response to defendants' Interrogatory No. 13. Plaintiff also supplied the dates and hours on which plaintiff allegedly was not paid prevailing wages in response to defendants' Interrogatory No. 14.

However, plaintiff failed to respond properly to Interrogatory Nos. 11 and 12. Instead of identifying the number of hours not paid by Universal Electric for each date that plaintiff worked regular hours, as required by Interrogatory No. 11, and identifying the number of overtime hours not paid by Universal Electric for each date that he alleged that he was not paid overtime in full, as required by Interrogatory No. 12, plaintiff simply provided a spreadsheet listing the alleged weekly totals for the number of alleged unpaid regular hours worked and the number of alleged unpaid overtime hours for each week plaintiff was employed by Universal Electric.

Not only does that response fail to comply with the Court's Orders, it fails to allow Universal Electric to compare each date that plaintiff alleges he was not paid in full with the daily logs that plaintiff prepared in the course of his employment documenting his regular time and overtime hours. Universal Electric is therefore unable to determine, based on a comparison of plaintiff's allegations and its contemporaneous records and the records of payment prepared by ADP, its payroll service, to determine whether plaintiff was fully paid or underpaid.



The Honorable James B. Clark, III, U.S.M.J.
United States District Court, District of New Jersey
September 20, 2018
Page 4

    On September 4, 2018, this office spoke by telephone with Darius A. Marzec, Esq., counsel for plaintiff, to request that plaintiff provide a breakdown of all unpaid regular hours and overtime hours by date worked. Mr. Marzec asked for that request to be put in writing. This office therefore served a letter on plaintiff's counsel on September 5, 2018, specifying the outstanding discovery responses. We have received no response from plaintiff.

    Universal Electric cannot defend this claim without that information and cannot go further with the discovery process because it cannot depose plaintiff without that information. Accordingly, because plaintiff has failed to comply with two of the Court's Orders requiring him to provide that information, and because further attempts to resolve this dispute amicably will be fruitless, defendants will respectfully request leave during the September 24, 2018, conference to seek dismissal of plaintiff's complaint.

    Thank you for the Court's attention to this matter.

Respectfully submitted,

KINNEY LISOVICZ REILLY & WOLFF PC

/s/ James P. Lisovicz

James P. Lisovicz

cc: Darius A. Marzec, Esq. (Via Electronic Filing)
Marzec Law Firm, PC
*Counsel for Plaintiff*

173398_1